PJG Consent SSA (Rev 09/14/20)                                                                                                   Daniel William Moran
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel William Moran, | ) | C/A No. 0:19-2632-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social | ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, | ) | |
| | ) | ☒  Affirmed |
| Defendant. | ) | ☐  Reversed and Remanded |
| | ) | |

   This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐  Supplemental Security Income ("SSI")

   Application date:         Plaintiff's age at filing:

☒  Disability Insurance Benefits ("DIB")

   Date last insured:  <u>December 31, 2015</u>

☐  Other:

Plaintiff's Year of Birth:  <u>1967</u>

Plaintiff's alleged onset date:  <u>January 1, 2014</u>

**Part II—Social Security Disability Generally**

   Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

   A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d

1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  <u>Grant v. Schweiker</u>, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  <u>August 15, 2018</u>

In applying the requisite five-step sequential process, the ALJ found:

Step 1:     Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:     ☒  Plaintiff has the following severe impairments:
<u>cardiovascular/peripheral vascular disease, thoracic and lumbar back pain, and anxiety</u>
<u>disorder</u>

☐  Plaintiff does not have a severe impairment.

Step 3:     ☒   Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Plaintiff's Residual Functional Capacity is as follows:

<u>[T]through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is further limited to never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching; never crawling; never work at unprotected heights; never operate a motor vehicle as an occupational requirement; avoid concentrated exposure to dusts, odors, fumes, or other pulmonary irritants and to temperature extremes[ (]hot and cold); bilaterally, limited to frequent reaching overhead, all directions, handling, fingering and feeling; and limited to frequent pushing and pulling with his bilateral lower extremities.  The claimant is further limited to performing simple and routine tasks; making simple work[-]related decisions as to the use of judgment and dealing with changes in the work setting.  He is limited to occasional interaction with supervisors and co-workers[ (]but can perform no tandem or team work tasks); and requires no public contact work.  The claimant further requires a sit/stand option defined as [] brief postural changes at or near the work station, no more than twice an hour and a duration no greater than 5 minutes each.  His time off task can be accommodated by normal breaks.</u>

Step 5:     ☐  Plaintiff could return to his/her past relevant work.

☐   Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒  Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

| Job Title | DOT# | Exertion level | Skill Level | Jobs in Existence |
|---|---|---|---|---|
| Routing Clerk | 222.687-022 | Light | SVP2 | 573,000 nationally |
| Work Ticket Distributor | 221.667-010 | Light | SVP2 | 275,000 nationally |
| Order Caller | 209.667-014 | Light | SVP2 | 2,050,000 nationally |
| Document Preparer | 249.587-108 | Sedentary | SVP2 | 2,061,000 nationally |

| Final Assembler | 713.687-018 | Sedentary | SVP2 | 212,000 nationally |
| Addresser | 209.587-010 | Sedentary | SVP2 | 56,000 nationally |

Date of Appeals Council decision:  July 27, 2019

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## Part V—Issues for Judicial Review

As framed by the Defendant, the actual specific issues presented for this judicial review are "whether substantial evidence supports:  (1) the ALJ's evaluation of Dr. Cleaveland's opinion; (2) the ALJ's consideration of Ms. Hutchinson's report; and (3) the ALJ's hypothetical question to the vocational expert (VE)."  (Def.'s Br. at 3, ECF No. 18 at 3.)

**Oral Argument**

☐ **Held on:**

☒ **Oral argument not necessary for disposition**

**Summary of Reasons**

Plaintiff challenges the weight given to the 2016 opinion evidence from Dr. Bonnie Cleaveland, a consultative psychologist, and the November 2016 opinion evidence from Ms. Jean Hutchinson, a vocational expert.  The ALJ found as follows with regard to these opinions:

> The claimant underwent a psychological evaluation and vocational consultant analysis after his date last insured.  Bonnie Cle[a]veland, PhD, examined the claimant in October 2016 and assessed him with delusional disorder and generalized anxiety disorder.  She opined that he was not able to concentrate and persist on simple tasks and was not capable of complex tasks due to anxiety. (Exhibit 24F)  Jean Hutchinson, M.Ed, CRC, CVE, evaluated the claimant in November 2016.  In addition to interviewing the claimant, Ms. Hutchinson reviewed Dr. Cle[a]veland's report.  Ms. Hutchinson opined that the claimant could

> not return to his former work as a registered nurse and that his impairments prevented him from making any adjustment to work that exists in the national economy. (Exhibit 25F) Little weight is given to these examiners. Both examined the claimant one time after the date last insured. Dr. Cle[a]veland's findings and opinion are inconsistent with the treatment record and with the opinion of the claimant's treating physician[, Dr. Rex Morgan]. Ms. Hutchinson appears to have relied heavily on Dr. Cle[a]veland's opinion that the claimant could not perform simple or complex tasks. Additionally, the findings of both Dr. Cle[a]veland and Ms. Hutchinson were based primarily upon the claimant's subjective complaints.

(Tr. 23-24.)

In discounting these opinions from these sources, the ALJ applied the requisite factors under the law and gave sound reasons for discounting them. See 20 C.F.R. § 404.1527(c) (detailing the factors for weighing medical opinion evidence). Although the ALJ appears to have incorrectly stated that Dr. Cleaveland examined Plaintiff only on one occasion when her opinion states that she examined Plaintiff over the course of five sessions, the ALJ correctly pointed out that these examinations occurred *after* Plaintiff's date last insured. Importantly, the ALJ also found the opinions were inconsistent with Plaintiff's treatment records and the opinion evidence of Plaintiff's treating physician, Dr. Morgan—which was issued within a month of Plaintiff's date last insured and approximately eight to ten months before the opinions of Dr. Cleaveland and Ms. Hutchinson—and this finding is supported by the record. (See Tr. 727) (treating physician's January 2016 opinion indicating that Plaintiff had no known mental diagnoses; was not prescribed any medication for a mental condition; was fully oriented; had intact thought processes, appropriate thought content, a worried/anxious mood, and adequate attention, concentration, and memory; had a good ability to complete basic activities of daily living; an adequate ability to relate to others, complete simple and routine tasks, and complete complex tasks); (Tr. 23) (noting that "although [Plaintiff] has been assessed with anxiety, he did not report any symptoms between the alleged onset date and his date last insured and he did not seek any mental health treatment during this period"). Importantly, although Plaintiff in reply attempts to cast Dr. Cleaveland as a treating source, the record is devoid of any treatment notes or examination notes from these five examinations and the record contains only the ultimate opinion of Dr. Cleaveland. Similarly, Plaintiff has failed to direct the court to any error in the ALJ's finding that both doctors relied heavily of Plaintiff's subjective reports, which the ALJ discounted, and that Dr. Hutchinson appears to have relied on Dr. Cleaveland's findings, which were discounted. Accordingly, here, Plaintiff has failed to demonstrate that the ALJ's conclusion that these opinions were unsupported—and were in fact contradicted by the other evidence of the record—is unsupported by substantial evidence. Moreover, this is not a case where the ALJ failed to give retrospective consideration to evidence created after the date last insured; rather, the ALJ considered and weighed it and found after applying the applicable factors that the opinion evidence issued in the fall of 2016 was entitled to little weight.[1] Finally, it was not automatically reversible error to credit the opinions of the state agency reviewers over Plaintiff's examining or treating sources. See Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986) (finding that the testimony of a non-examining physician can constitute substantial evidence when it is consistent with the record);

---

[1] Dr. Cleaveland's opinion is silent as to when the opined limitations arose.

Stanley v. Barnhart, 116 F. App'x 427, 429 (4th Cir. 2004) (disagreeing with the argument that the ALJ improperly gave more weight to residual functional capacity assessments of non-examining state agency physicians over those of examining physicians and finding that the ALJ properly considered evidence provided by those physicians in context of other medical and vocational evidence); see also 20 C.F.R. § 404.1527(e) (applying the rules in § 404.1513a to evidence from state agency consultants unless the ALJ gives controlling weight to the opinion from a treating source); 20 C.F.R. § 404.1513a(b)(1) ("Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ [404.1520b, 404.1520c, and 404.1527], as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."); (see Tr. 127-28, 138) (opinion of a state agency records reviewer who considered the whole record including Dr. Cleaveland's opinion and observed that Plaintiff had mental health records only from after his date last insured and that Plaintiff's presentation to Dr. Cleaveland was different than his presentation to any other treating physician since 2010).

Based on the foregoing, the court finds that Plaintiff has failed to demonstrate that the ALJ's evaluation of these opinions is unsupported by substantial evidence or based on an incorrect application of the law. See 20 C.F.R. § 404.1527(c); see also Mastro, 270 F.3d at 178 (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted).

Moreover, Plaintiff has similarly failed to demonstrate any error with regard to the hypothetical question presented to the vocational expert, as his arguments hinge on the allegations of error in the residual functional capacity assessment. Plaintiff suggests that the vocational expert testified that she would be unable to work; however, this argument hinges on the additional restrictions to Plaintiff's RFC contained in the opinion evidence and testimony that the ALJ discounted. The court observes that the ALJ presented the vocational expert with a hypothetical question that included all of the limitations that were contained in Plaintiff's RFC assessment, and the vocational expert provided several occupations that Plaintiff would be able to perform. See English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993) ("In questioning a vocational expert in a social security disability insurance hearing, the ALJ must propound hypothetical questions to the expert that are based upon a consideration of all relevant evidence of record of the claimant's impairment."); see also Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (noting that "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*" ) (emphasis in original); Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) ("In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments.") (internal citations omitted).

To the extent that Plaintiff seeks to present evidence to this court for the first time on appeal, as noted by the defendant, Plaintiff has failed to satisfy the requirements to obtain a remand pursuant to sentence six based on this evidence. (Def.'s Br. at 10 n.4, ECF No. 18 at 10.)

PJG Consent SSA (Rev  09/14/20)                                                                                                          Daniel William Moran
_____

# ORDER

☒ **Affirmed.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐ **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____

October 5, 2020                                      Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE